IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| L.I. NATASHA GEDDIE, Individually and d/b/a ACCORDIANS UNLIMITED, d/b/a ACCORDIAN ENTERTAINERS and d/b/a AL TRICK SISTERS NATIONAL INSTITUTE OF MUSIC, and as Next Friend of a Minor, KIMBERLY MAIA-DANIELLE GEDDIE, TEXAS ACCORDIAN ASSOCIATION and TEJAS ACCORDIAN AFICIONADOS<br><br>*Plaintiffs,*<br><br>v.<br><br>NORMAN SEATON, PH.D., EL CENTRO COLLEGE, SHARON SEATON, PH.D., GREG KLUGIEWICZ d/b/a DALLAS ACCORDIAN ASSOCIATION, JUDY DILLARD, NICK BALLARINI d/b/a ACCORDIAN ARTISTRY, TOWN OF ADDISON, METROPLEX PSCHIATRIC ASSOCIATES, NATIONAL ACCORDIAN ASSOCIATION and ACCORDIANS OF TEXAS<br><br>*Defendant.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § | 3:05-CV-2216-R |

## MEMORANDUM OPINION AND ORDER

Before this Court are Defendants Judy Dillard and Dallas Community College District's Motions to Dismiss (filed November 16, 2005 and December 14, 2005, respectively). The Court considered these motions orally at a Hearing on Injunction held on December 15, 2005. After reading the briefs and relevant case law, in addition to hearing Plaintiff's responses at the December 15 Hearing, this Court is of the opinion that the Motions should be **GRANTED**.

## I.  BACKGROUND

L.I. Natasha Geddie ("Plaintiff") is an accordionist who is pro se in these proceedings. For the past three years, she has been renting a flea market stall at Vikon Village Flea Market ("Vikon Village") in Garland, Texas to run her accordian sales and repair business, Accordians Unlimited.  Plaintiff also administers accordian programs through various names, such as "Accordian Entertainers" and the "Al Trick Sisters National Institute of Music." Finally, Plaintiff is in the process of registering two entities, "The Texas Accordian Association" and "Tejas Accordion Aficionados" as Texas non-profit organizations.

Norman Seaton ("Seaton"), Sharon Seaton, Greg Klugiewicz ("Klugiewicz"), Judy Dillard ("Dillard"), and Nick Ballarini ("Ballarini") (collectively "Accordion Defendants") are also accordionists and associates who administer and promote various accordion-related entities such as the National Accordion Association and the Texas Accordion Association.  Defendant Dallas County Community College District ("Dallas Community College") currently employs Seaton as a Computer Information Systems Instructor, a position wholly unrelated to accordion playing.  Defendant Town of Addison is a municipality responsible for the production of a festival called Oktoberfest.

Plaintiff originally filed her petition on October 7, 2005, in 193rd Judicial District Court, Dallas County, TX, case number 05-10356-L.  Dallas Community College removed it to this Court on November 10, 2005, on the basis of federal question jurisdiction.

Plaintiff filed her First Amended Petition on November 4, 2005.  She asserts the following claims against Defendants:

(1) The Accordion Defendants held themselves out to be directors of the Texas Accordian Association ("Claim 1");

(2) The Accordian Defendants defamed Plaintiff through libel and slander ("Claim 2");

(3) The Accordion Defendants violated state witness tampering laws ("Claim 3");

(4) The Accordion Defendants intentionally inflicted emotional distress ("Claim 4");

(5) Ballarini violated the provisions of the Fair Debt Collection Practice Act while attempting to collect debts owed on him by Plaintiff ("Claim 5");

(6) Dillard violated state non-profit laws ("Claim 6");

(7) Klugiewicz intentionally excluded Plaintiff from participation in the Addison Oktoberfest ("Claim 7");

(8) Seaton fraudulently promoted a scholarship program administered through Accordians Unlimited ("Claim 8");

(9) The Town of Addison failed to allow Plaintiff to participate in Oktoberfest ("Claim 9");

(10) Dallas Community College allowed Seaton and Sharon Seaton access to its resources for private use ("Claim 10");

(11) Vikon Village improperly withheld Plaintiff's property starting September 2005 after she failed to pay timely rent on her flea market stall ("Claim 11");

(12) Metroplex Psychiatric Associates refused to provide Plaintiff with her medical records for her bi-polar Type II disorder ("Claim 12").

Plaintiff states no claims against Accordians of Texas in her complaint.

Defendants Dillard and Dallas Community College now move to dismiss under Rule 12(b)(6) and 12(b)(1), respectively.

## II. ANALYSIS

**A. Rule 12(b)(6) and 12(b)(1) Standards**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In considering the current Motions, this Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the Plaintiff. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). "[A] claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

A motion to dismiss submitted under Rule 12(b)(1) is analyzed under the same standard used for a Rule 12(b)(6) motion. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A district court "may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts with the court's resolution of any disputed facts." *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1998) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) *cert. denied*, 454 U.S. 897 (1981)). Once a defendant challenges jurisdiction by filing a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of establishing subject matter jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A motion

to dismiss should be granted when it appears that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief.

**B. Rule 12(b)(6)**

A motion to dismiss under 12(b)(6) is appropriate where plaintiff's pleadings show on their face, beyond doubt, that the plaintiff cannot prove any set of facts that would entitle it to relief. *Doe v. Hillsboro ISD*, 81 F.3d 1395, 1401 (5th Cir. 1996). Claim 6 as stated in Section I, *supra*, is dismissed because Plaintiff has failed to state a claim on which relief can be granted.

**C. Rule 12(b)(1)**

A Rule 12(b)(1) motion to dismiss is appropriate when the court lacks the authority to hear the dispute, either because the court lacks jurisdiction, or because the Plaintiff lacks standing. *See U.S. v. Morton*, 467 U.S. 822, 828 (1984) (stating that subject matter jurisdiction defines the court's authority to hear a given type of case); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (challenging standing). Courts have the duty to raise the question of subject matter jurisdiction *sua sponte* under Rule 12(b)(1). *See Bridgmon v. Array Systems Corporation*, 325 F.3d 572, 575 (5th Cir. 2003).

Claims 1-5 and 7-10 as stated in Section I, *supra*, are dismissed because Plaintiff lacks standing to bring these cases. A justiciable case or controversy must exist in order for the Court to exercise jurisdiction over this action. *See* U.S. Const. art. III, § 2, cl. 1; *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 475 (1982). In order to show Article III standing, Plaintiff must demonstrate (1) an "injury in fact," or harm suffered by the Plaintiff that is concrete and actual, and not conjectural or

hypothetical, (2) causation, or a traceable connection between the injury and the alleged conduct, and (3) redressability, or a likelihood that the request relief will redress the alleged injury. *McClure v. Ashcroft*, 335 F.3d 404, 409 (5th Cir. 2003) (citing *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000)).

Accepting all well-pleaded facts as true, it appears from the complaint that Plaintiff can prove no set of facts that would meet the requirement for standing for Claims 1, 3, 6, 8, and 10. All of these claims are faulty in terms of meeting at least one or more of the standing requirements.

This Court is specifically concerned about the first factor, injury-in-fact.  For example, even if the Accordian Defendants are falsely holding themselves out as the directors of a non-profit under Texas law or falsely promoted scholarships (Claims 1, 3, 8), Plaintiff cannot show how this creates any harm suffered by her individually.  Similarly, Plaintiff is unable to show any injury-in-fact, beyond that which is speculative, caused by Dallas Community College allowing the Seatons to use its property for their private use (Claim 10).  Finally, although Plaintiff may have felt slighted by not received an invitation to perform at Oktoberfest (Claims 7 and 9), she can show no judicially recognizable injury for being excluded from the event.

### III. CONCLUSION

For the reasons stated above, both Motions to Dismiss are **GRANTED** and all claims in this case are **DISMISSED** from the Complaint**,** except for Claims 11 and 12 against Vikon

Case 3:05-cv-02216-R   Document 9   Filed 12/19/05   Page 7 of 7   PageID 137

Village and Metroplex Psychiatric Associates.[1]

**It is so ORDERED.**

**SIGNED this 19th day of December, 2005**

_____
**JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**

---

[1] The Court warns, however, that if these defendants are not properly served within 120 days after the filing of this complaint pursuant to Rule 4, these claims will also be dismissed, without prejudice. FED. R. CIV. P 4(m).